UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| I.B.E.W. Local No. 531, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-CV-028 JD |
| | ) |
| TGB UNLIMITED INC. d/b/a S/T | ) |
| BANCROFT ELECTRIC, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is an action to confirm a labor arbitration award. Now before the Court is a motion for summary judgment filed by the plaintiff, I.B.E.W. Local No. 351. [DE 27]. For the reasons set forth below, the motion is granted, and the Court confirms the award.

**I. BACKGROUND**

I.B.E.W. Local No. 351 (the "Union") is a labor organization representing electrical workers. Defendant S/T Bancroft Electric is an electrical contractor. In July 2007, Bancroft signed a Letter of Assent by which it named the Northern Indiana Chapter, N.E.C.A., Inc. ("NECA") as its bargaining agent to negotiate collective bargaining agreements with the Union. NECA negotiated a CBA on Bancroft's behalf that was effective from September 5, 2011 through September 2, 2012. Bancroft argues that it then revoked the letter of assent that made NECA its bargaining agent, and that it was not bound by any further agreements. The Union argues, though, that Bancroft continued to be bound by subsequent collective bargaining agreements.

On August 27, 2014, the Union filed a grievance against Bancroft for various alleged violations of the parties' CBA, which the Union argues was still in effect. Because the CBA

contained an arbitration agreement, an arbitration hearing was set for September 18, 2014, though Bancroft disputes that it received notice of the grievance or of the arbitration hearing. The arbitration hearing was held by the Labor Management Committee of the Union and NECA. The Joint Arbitration Board found in favor of the Union and issued a decision on September 29, 2014. Among other relief, the award ordered Bancroft to submit to an audit to determine what, if any, wages, fringe benefits, and deductions were owed to Union employees, and to obtain its workforce through the Union. The award gave Bancroft thirty days to comply. A copy of the award was then mailed to Bancroft, and Bancroft acknowledged receipt of the award by a letter dated October 18, 2014. Bancroft does not dispute that it had received notification of the award by that date.

Bancroft did not comply with the arbitration award, and, on January 20, 2015, the Union filed a Complaint in this Court seeking confirmation of the Joint Arbitration Board's decision. Included in the Union's Complaint was a copy of the arbitration award at issue. [DE 1-3]. On January 24, 2015, Bancroft was served with the complaint. [DE 6]. Discovery has now closed, and the Union filed a motion for summary judgment seeking confirmation of the award. In its response to the motion for summary judgment, filed March 11, 2016, Bancroft asked for the first time in this case that the arbitration award be vacated.

## II. STANDARD OF REVIEW

On summary judgment, the moving party bears the burden of demonstrating that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one identified by the substantive law as affecting the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" exists with respect to any material fact when "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Id*. Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in that party's favor. *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *King v. Preferred Tech. Grp.*, 166 F.3d 887, 890 (7th Cir. 1999). However, the non-moving party cannot simply rest on the allegations contained in its pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).

### III. DISCUSSION

The Union moves for summary judgment and asks the Court to confirm the arbitration award. It argues that an arbitration award was entered against Bancroft, which has neither complied with the award nor timely moved to vacate the award, rendering the award final. In response, Bancroft argues that the arbitration award is not valid because it is not bound by the CBA so there was no agreement to arbitrate, and because it was not given notice of the grievance or of the arbitration hearing. The Union contends, though, that those arguments are barred by the statute of limitations because Bancroft did not move to vacate the award within the applicable 90-day period.

This case arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The LMRA does not identify a statute of limitations for a challenge to an

arbitration award decision under section 301. Accordingly, "the timeliness of a Section 301 suit is to be determined, as a matter of federal law, 'by reference to the appropriate state statute of limitations.'" *Chauffeurs, Teamsters, Warehousemen & Helpers, Local Union No. 135 v. Jefferson Trucking Co. Inc.*, 628 F.2d 1023, 1026 (7th Cir. 1980) (quoting *UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05 (1966)); *William Charles Construction Co., LLC v. Teamsters Local Union 627*, No. 15-1613, 2016 WL 3548363, at *4 (7th Cir. June 29, 2016) ("For actions challenging an arbitration award under § 301 of the LMRA, we look to the statute of limitations from a comparable action in the forum state."). In Indiana, an application to vacate an arbitration award must be filed "within ninety (90) days after the mailing of a copy of the award to the applicant." Ind. Code § 35-57-2-13(b); *Jefferson Trucking Co. Inc.*, 628 F.2d at 1026–27.

The Seventh Circuit has repeatedly held that the "failure to challenge an arbitration award within the applicable limitations period renders the award final." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Centor Contractors, Inc.*, 831 F.2d 1309, 1311 (7th Cir. 1987); *Sullivan v. Gilchrist*, 87 F.3d 867, 871 (7th Cir. 1996). "Thus, those challenges in the nature of grounds to vacate the award may not be asserted as defenses to a subsequent enforcement action." *Centor Contractors*, 831 F.2d at 1311; *see also William Charles Construction*, 2016 WL 3548363, at *4 ("A failure to challenge an arbitration award within the applicable limitations period renders the award nearly impervious to attack."). This includes even arguments that the defendant was not bound by the collective bargaining agreement in question or did not consent to arbitration. *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Rabine*, 161 F.3d 427, 434 (7th Cir. 1998); *Gilchrist*, 87 F.3d at 871; *Ill. Dist. Council No. 1 of the Int'l Union of Bricklayers & Allied Craftworkers v. Christoffer*, No. 06 C 0321, 2006 WL 2583724, at *2 (N.D.

Ill. Sept. 5, 2006). "The rule is a simple one: If you receive notice of an adverse decision in a federal labor arbitration, challenge it within 90 days or expect to pay up." *Rabine*, 161 F.3d at 434.

For example, in *Rabine*, the defendant argued in response to an action to enforce an arbitration award against it that it was not a party to any valid CBA, so it should not be bound by the arbitration award. 161 F.3d at 431–32. However, because the defendant had received notice of the arbitration award and did not move to vacate the award within 90 days, the court held that the defendant's argument was waived, so the court enforced the award. *Id.* at 432. Likewise, the defendant in *Gilchrist* argued that the Joint Arbitration Board never had jurisdiction over him because he never signed the CBA consenting to arbitration. 87 F.3d at 871. The defendant did not move to vacate the award within 90 days, though, so the award became final and the court enforced it without reaching the merits of the defendant's objections. *Id.*

Here, Bancroft argues that it is not bound by the CBA and there was no agreement to arbitrate in place when the matter went to arbitration. It also argues that it was not given notice of the grievance or of the arbitration hearing. It is undisputed, though, that Bancroft received notice of the arbitration award against it, and it did not thereafter move to vacate the award within 90 days. Thus, regardless of whether its objections may have been valid, Bancroft waived its right to assert them. The 90-day statute of limitations for challenging the arbitration award in Indiana begins to run when a copy of the award is mailed to the parties. Ind. Code § 34-4-2-13; *Jefferson Trucking Co. Inc.*, 628 F.2d at 1026–27. The arbitration award here was issued on September 29, 2014, after which it was sent by mail to Bancroft. Bancroft acknowledged its receipt of the award in a letter dated October 18, 2014, so the award had been mailed to it prior to that date. However, Bancroft did not move to vacate the award within the next 90 days. In

fact, even when the Union filed its complaint in this matter on January 20, 2015 (which was already outside the 90-day window), Bancroft still did not move to vacate the award. The first time it requested that the award be vacated was in its response to the motion for summary judgment, filed on March 11, 2016, long after the expiration of the 90-day statute of limitations. Therefore, whatever the merits of Bancroft's objections to the arbitration award, Bancroft waived them by failing to challenge the award within 90 days. *See Rabine*, 161 F.3d at 431–32; *Sullivan*, 87 F.3d at 871; *Christoffer*, 2006 WL 2583724, at *3. Accordingly, the award is now final and must be confirmed, so the Court grants the Union's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [DE 27] is GRANTED and the arbitration award is CONFIRMED. The Clerk is DIRECTED to enter judgment in favor of the plaintiff, I.B.E.W. Local No. 531.

SO ORDERED.

ENTERED: July 19, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court